5 So.3d 787 (2009)
E.D.B., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D08-737.
District Court of Appeal of Florida, Fifth District.
March 27, 2009.
*788 James S. Purdy, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Allison Leigh Morris, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
The issue we consider is whether a trial court can retain jurisdiction over a juvenile beyond his nineteenth birthday to compel the payment of assessed costs. We conclude it cannot and reverse.
E.D.B. appeals the trial court's entry of two orders on February 6, 2008, following a hearing on a take-into-custody order. One order related to E.D.B.'s juvenile case in 06-CJ-0001189, while the other order related to his juvenile case in 05-CJ-0004348. Both orders required E.D.B. to pay $30 per month toward the costs previously assessed in each case. Further, both orders extended the trial court's jurisdiction over E.D.B. until the assessed costs were paid in full. E.D.B. appeals, arguing that the trial court lacked the authority to retain jurisdiction over him past his nineteenth birthday.[1]
Section 985.0301, Florida Statutes (2007), addresses the circuit court's jurisdiction in juvenile cases, providing in pertinent part:
(1) The circuit court has exclusive original jurisdiction of proceedings in which a child is alleged to have committed a delinquent act or violation of law.
. . . .
(5) (a) Notwithstanding ss. 743.07, 985.43, 985.433, 985.435, 985.439, and 985.441, and except as provided in ss. 985.465 and 985.47 and paragraph (f), when the jurisdiction of any child who is alleged to have committed a delinquent act or violation of law is obtained, the court shall retain jurisdiction, unless relinquished by its order, until the child reaches 19 years of age, with the same power over the child that the court had prior to the child becoming an adult.
. . . .
(i) The court may retain jurisdiction over a child and the child's parent or legal guardian whom the court has ordered to pay restitution until the restitution order is satisfied. To retain *789 jurisdiction, the court shall enter a restitution order, which is separate from any disposition or order of commitment, on or prior to the date that the court's jurisdiction would cease under this section. The contents of the restitution order shall be limited to the child's name and address, the name and address of the parent or legal guardian, the name and address of the payee, the case number, the date and amount of restitution ordered, any amount of restitution paid, the amount of restitution due and owing, and a notation that costs, interest, penalties, and attorney's fees may also be due and owing. The terms of the restitution order are subject to s. 775.089(5).
The State contends that the statute's authority to extend jurisdiction for repayment of restitution encompasses outstanding cost assessments.
In construing a statute, "statutory language should be given its plain and ordinary meaning." Williams v. Ergle, 698 So.2d 1294, 1296 (Fla. 5th DCA 1997). Section 985.0301(5)(i) unambiguously provides that a "court may retain jurisdiction over a child and the child's parent or legal guardian whom the court has ordered to pay restitution until the restitution order is satisfied" by entering "a restitution order, which is separate from any disposition or order of commitment, on or prior to the date that the court's jurisdiction would cease under section [985.0301]." Further, "[t]he terms of the restitution order are subject to [section] 775.089(5)," Florida Statutes. § 985.0301(5)(i). Section 775.089(5) addresses the mechanism for enforcement of a restitution order:
An order of restitution may be enforced by the state, or by a victim named in the order to receive the restitution, in the same manner as a judgment in a civil action. The outstanding unpaid amount of the order of restitution bears interest in accordance with s. 55.03, and, when properly recorded, becomes a lien on real estate owned by the defendant. If civil enforcement is necessary, the defendant shall be liable for costs and attorney's fees incurred by the victim in enforcing the order.
Finally, section 985.0301(5)(i) states what must be included in a restitution order. This includes "a notation that costs, interest, penalties, and attorney's fees may also be due and owing." Reading sections 985.0301(5)(i) and 775.089(5) together, we conclude that costs, interests, penalties, and attorney's fees under section 985.0301(5)(i) refers to the interest, costs and attorney's fees associated with the enforcement of a restitution order under section 775.089(5).
Because section 985.0301(5)(i) only allows jurisdiction to be retained to enforce orders of restitution and does not address the issue of retaining jurisdiction to enforce an order of assessed costs, it necessarily excludes it from its purview. Expressio unius est exclusio alterius.[2] Nor is there any alternative authority for a trial court to retain jurisdiction to enforce orders of assessed costs. Therefore, the trial court erred by retaining jurisdiction over E.D.B., past his nineteenth birthday, in order to enforce the assessed costs provisions in its orders dated February 6, 2008.
We understand the trial judge's attempt to enforce the assessment of costs. The concept of responsibility for one's actions is a fundamental tenet of the juvenile justice *790 system. However, this issue is best left for the Legislature to address.
REVERSED and REMANDED.
GRIFFIN, LAWSON and COHEN, JJ., concur.
NOTES
[1] The record indicates that E.D.B. owed $510 and $990 in assessed costs in cases 06-CJ-0001189 and 05-CJ-0004348, respectively. He turned nineteen shortly after the entry of the order in question.
[2] Expressio unius est exclusio alterius is "[a] canon of construction holding that to express or include one thing implies the exclusion of the other, or of the alternative." Black's Law Dictionary 602 (7th ed.1999).